					IN THE UNITED STATES DISTRICT COURT

					     FOR THE DISTRICT OF OREGON

THOMAS THORSON,							Case No. 07-106-HO

		Plaintiff,						ORDER

	v.

Commissioner of Social Security,

		Defendant,

    Plaintiff filed this action for review of the decision of the Commissioner denying his applications for disability insurance benefits and supplemental security income.

    Plaintiff argues that the administrative law judge (ALJ) erred by finding no functional limitations attributable to diabetes mellitus, peripheral neuropathy, hip bursitis and hand cramping. With the exception of hand cramping, plaintiff identifies no functional limitations beyond those determined by the ALJ. (Tr. 17). Among the medical records cited by plaintiff, the court finds a single reference to early peripheral neuropathy dated August 22, 2002. Plaintiff seems to attribute

hand cramps to carpal tunnel syndrome or status post carpal tunnel release. Pl's Brief at 10. A medical record dated more than three years prior to plaintiff's alleged onset date states that plaintiff is medically stationary following November 1997 left carpal tunnel release, plaintiff had negative Phalen's and Tinel's tests on the right, no permanent impairment is expected and there are no work restrictions from carpal tunnel syndrome. (Tr. 449). The court finds no references to problems with plaintiff's hands in later medical records cited by plaintiff.

A record preceding plaintiff's alleged onset date by approximately four years includes a diagnosis of "what appears to be post-traumatic trochanteric bursitis of the right hip from [plaintiff's July 1997] crush injury." (Tr. 471). Dr. Lewis wrote,

> He has some work restrictions, particularly relative to long standing and walking on this hip. He should not be doing long driving with his leg and using foot controls or carrying heavy weights. I feel that this condition should resolve in a relatively short period of time.

(Tr. 471). The court finds no other references to hip bursitis among the medical records cited by plaintiff. Dr. Lewis's assessment of short-term restrictions do not exceed the ALJ's assessment of plaintiff's residual functional capacity (RFC). The ALJ did not err by failing to include hand cramps or other additional limitations from these impairments in his assessment of plaintiff's RFC.

2 - ORDER

The ALJ stated clear and convincing reasons to reject plaintiff's testimony that he has hip bursitis, reading and writing limitations and hand cramps, and needs to lie down frequently due to back pain for as much as six hours of the day in cold weather. As noted, the sparse evidence of hip bursitis is stale and hand cramps are not supported by any medical evidence. Plaintiff testified that his reading and writing is poor. (Tr. 783). This is not attributed to a medically determinable impairment, however. The ALJ did not recite plaintiff's testimony in his decision, but any error in this regard is harmless. The ALJ noted that prior to a layoff, plaintiff managed to work at the medium exertion level after his alleged onset date and that consulting physicians opined that plaintiff is capable of sedentary work. (Tr. 17, 646, 777-78, 791). The ALJ stated sufficient reasons supporting his

///

///

///

///

///

3 - ORDER

determination of plaintiff's credibility.  See <u>Brutonv. Massanari</u>, 268 F.3d 824, 828 (9th Cir. 2001).

Plaintiff does not demonstrate that the ALJ's decision lacks sufficient evidentiary support or results from legal error.

## Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED this  8th  day of September, 2008.


                                    s/ Michael R. Hogan
                                 United States District Judge

4 - ORDER